## I. N. W. LOWE v. WILLIAM P. HIGGINBOTHAM.

DEMURRER TO EVIDENCE, *When Not Error to Sustain.*   In an action brought by the *bona fide* holder of a negotiable promissory note, it is not error to sustain a demurrer to the evidence of the maker, where there is no testimony tending to show want of consideration for the note, or any fraud in the inception thereof, when these are the only defenses set up in the answer.

*Error from Dickinson District Court.*

AT the October Term, 1884, judgment for plaintiff *Higginbotham* for $367.29 and costs, against defendant *Lowe.* He brings the case here. The opinion states the material facts.

*O. L. Moore,* and *H. Southworth,* for plaintiff in error.
*Stambaugh & Hurd,* for defendant in error.

Opinion by SIMPSON, C.: Suit upon two promissory notes executed by Lowe, payable to the Jacksonville Sulky Plow Works Company, and sold by it to William P. Higginbotham before maturity, one for $175, one for $150, with ten per cent. interest from date, the first payable the 1st of May, the second the 1st of September, 1884, and both dated 27th September, 1883; actions originally commenced before a justice of the peace, appealed to the district court and tried by a jury; separate action on each note before the justice, but both actions were consolidated for trial by order of the district court. The court found that the burden of the issues rested on the defendant Lowe, and gave him the opening and close. His evidence consisted of the testimony of himself and of his attorney, and the depositions of William E. Veitch, the treasurer, William D. Matthews, the secretary, and James H. Hackett, the manager of the plow works company. The plaintiff below demurred to the evidence for the reason that the facts proven do not constitute any defense to the action of the plaintiff. The demurrer was sustained, the jury discharged, and a judgment rendered for the plaintiff for the amount of the notes with interest. A motion for a new trial was overruled. The error complained of here, and principally discussed in the brief of the plaintiff in error, is, the ruling of the court in sustaining the demurrer to the evidence of Lowe. The defendant filed no answer in writing, reciting his defenses, but the evidence was alleged to be directed to these two defenses set up by oral answer: first, fraud in the inception of the notes; and second, no consideration. This case was submitted at the April

assignment of the January term, 1887, and an opinion was filed in May; but subsequent reflection having satisfied us that there had been a misapprehension as to the facts in the case, a rehearing was ordered, and was had in June.

I have carefully reëxamined the original record of the evidence, and find that, in the copy of the record heretofore used, the remarks of the counsel are so blended with the statements of a witness as to be misleading, and to create the impression that there was evidence of fraud in the inception of the notes sued on, when in fact there was no such evidence presented. The members of this court have also submitted the record to a rigid examination, and do not find any such evidence. There arose a misconception of the facts in the former opinion, which is now corrected. The same disposition is to be made of the case, but for a very different and a much better reason. The plaintiff in error had signed a contract, wherein it was stipulated that he was appointed agent of the Jacksonville Sulky Plow Company in the townships of Hayes and Sherman, in Dickinson county, to sell its light-draft plow attachments; and at the same time he executed the notes sued on. The consideration alleged for the notes was a royalty of five dollars on each machine to the owner of the patent, including the price of the plow at twenty-five dollars. The notes were received in payment of the royalty on sixty machines, and the balance due on each machine, being the sum of twenty dollars, was to be paid when it was ordered. The plaintiff in error acted in the belief that he was the agent of the company; that it would send machines to him on his order without reference to the time of payment by him to the company; that under the contract it was the duty of the company to await payment by him until he sold and made collections; that it had agreed to receive good notes from farmers in payment for its plow attachments, and that these notes could not be had until he had made sales. The company insisted on payment for machines when ordered, and that the agent must take all the chances of collection on sales made by him; that it would receive good notes in payment of his orders, but the

notes must be forthcoming at the time the order was filled. This dispute about the construction of the contract seems to have been the cause of the litigation. There is no evidence tending to show that there was fraud in the inception of the notes.

The plaintiff in error made a very foolish contract: he paid for a machine in advance; he paid the royalty on thirty machines in advance, and while he testified that he made some efforts to sell machines to his neighbors, the record does not disclose that he has ever completed the sale of a single machine. There is nothing in the record to show a want of consideration for the notes. While evidence tending to show fraud in the inception of the notes would have cast upon the holder of the notes the burden of showing innocence in the purchase, and want of notice of the equities of the maker, evidence of a want of consideration would not shift the burden of proof. There being no evidence of fraud in the inception of the notes, the legal principle relied on by counsel for the plaintiff in error has no application to the facts as recited in the record.

There was no attempt to show that the defendant in error had any knowledge or notice of the facts and circumstances attending the execution of the notes and contract. The construction of the contract adhered to by the plow company seems to be the natural import of the words used, and its invariable practice had been under such contracts to require payment for machines when ordered.

It seems there was no error in sustaining the demurrer to the evidence of the plaintiff in error on the trial below, and we therefore recommend the affirmance of the judgment of the district court.

By the Court: It is so ordered.

All the Justices concurring.